**STATE ex rel. PENGELLY, Relator, v. McCLELLAND, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 3948—Decided November 20, 1946.

Binns & Tresemer, Columbus, for relator.
John F. Carlisle, Columbus, W. B. McLeskey, Columbus, for respondent.

## OPINION

By THE COURT:

Submitted on demurrer by the respondent upon the following grounds, to wit:

1. That the Court had no jurisdiction of the subject matter of the action;

2. That the relator has not legal capacity to sue; and

3. That said petition does not state facts sufficient to constitute a cause of action or to legally justify, the relief prayed for therein.

The action is one in mandamus seeking to require this respondent to entertain, hear and determine the cause of Emma Pengelly, Plaintiff, v. Cora I. Thomas, et al., being case No. 55273 on the dockets of the Probate Court of Franklin County, Ohio. (Ohio Appeals decision 46 Abs 481; Supreme Court No. 30700, MCO & Dis 146 Oh St 693.)

The petition alleges that on September 9, 1946, relator appeared in the open court of the respondent, who is the qualified and acting Probate Judge of Franklin County, Ohio, for further proceedings in the above stated cause in accordance with mandates theretofore issued to said Probate Court by the Court of Appeals of Franklin County, Ohio, and the Supreme Court of Ohio; that the said Court of Appeals of Franklin County, Ohio, ruled that "General Code 10501-17, effective January 1, 1932, is determinative and grants jurisdiction to the Probate Court in this matter," and in its journal entry filed April 4, 1946, held "that said Probate Court has jurisdiction to vacate on the ground of constructive fraud the order confirming the final account made and entered in said estate on the 2nd day of October, 1929, and that to grant the relief prayed for in this proceeding, based on §10501-17, GC, would violate no provision of the Constitution," and ordered said cause remanded for further proceedings according to law, and further ordered that a special mandate be sent to said Probate Court of Franklin County, Ohio, to carry said judgment into execution.

The petition alleges further that the Supreme Court of Ohio dismissed an appeal as of right and overruled a motion

to certify and ordered a special mandate sent to the Probate Court of Franklin County, Ohio, to carry its judgment into execution; that the respondent Probate Judge on September 9, 1946, on motion, rendered a decision from the Bench intimating his intention to rule that said cause No. 55273 should be dismissed for the reason that he did not have jurisdiction under §10501-17 GC to entertain the action; that said decision from the Bench of respondent is arbitrary, capricious and contemptuous of said judgments and mandates of said reviewing courts, and unless an alternative writ of mandamus issue from this Court, respondent will journalize a dismissal of said cause No. 55273.

It will be noted that the petition does not definitely allege that the respondent refused to carry out the mandate issued by this Court, but merely alleges that he "intimated his intention to rule that said cause No. 55273 should be dismissed." The right to invoke the aid of a court to compel the performance of an official duty as a general rule cannot arise until the officer is in actual default. Mandamus is never granted in anticipation of a supposed omission of duty, however strong the presumption may be that the persons whom it is sought to coerce by the writ will refuse to perform their duty when the proper time arrives. It is, therefore, incumbent upon the relator to show an actual omission on the part of the respondent to perform the act required before the writ may be issued. See **25 O. Jur. Section 26, pages 1000, 1001.**

We are, therefore, of the opinion that this action is prematurely filed and the writ is denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

ON MOTION TO REHEAR ORALLY AND RECONSIDER

Decided December 13, 1946.

BY THE COURT.

Submitted on motion by the relator to rehear orally, and reconsider the decision of this Court dated November 20, 1946, for the reason that the same is contrary to law.

We are unable to conclude that an oral hearing would serve any purpose in this matter. Exhaustive briefs were filed by counsel and were fully considered by the Court. We find no valid reason for a rehearing as required by Rule XI, and the motion is overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.